IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| JOSEPH WELTY, | ) |
| Plaintiff, | ) 2:21-CV-01854-CRE |
| vs. | ) |
| C/O 1 KMETZ, C/O 1 HUNTER, | ) |
| Defendants, | ) |

## MEMORANDUM ORDER

This civil action was initiated pro se in this Court on December 23, 2021 by Plaintiff Joseph Welty, an inmate currently in custody with the Pennsylvania Department of Corrections and housed at State Correctional Institution ("SCI") at Greene. Plaintiff formerly voluntarily dismissed his action, and thereafter filed a motion to reopen it, which the Court granted. For the reasons that follow, it is hereby ORDERED that this Court's Order reopening Plaintiff's case is VACATED and this case shall remain DISMISSED.

On March 24, 2022, Plaintiff submitted a one-page document to this Court stating "I would like to drop this lawsuit against C/O 1 Mr. Kmetz, and C/O 1 Mr. Hunter because they justed(sic) gave me a block/pod worker on 3-11-22 and is there a way that I can drop this lawsuit please?" ECF No. 16. This was construed by the Court as a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A) and the case was considered voluntarily dismissed and marked closed. ECF No. 17. On April 7, 2022, Plaintiff filed a motion to reopen the case alleging he "never said or wrote to the U.S. District Court about dismissing this case at all" and accusing the Court of "dismiss[ing] this lawsuit case(sic) without [his] permission" and threatening to bring "charges" against the undersigned and that he would "see [the judge] in court[.] ECF No. 18 at 1-2. Given

1

the liberal construction afforded to pro se filings, the Court construed Plaintiff's filing as a Motion to Reopen the Case and granted Plaintiff's motion on April 12, 2022 and set attendant deadlines. ECF No. 22.  Defendants filed an answer on May 16, 2022. ECF No. 26.

Pursuant to Fed. R. Civ. P. 41, a plaintiff without a court order may dismiss an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Fed. R. Civ. P. 41(a)(1)(A)(i).  "Rule 41 has a set of procedures in place whereby a plaintiff may proceed with caution in refiling the complaint, as a way to discourage plaintiffs from repeatedly filing and voluntarily dismissing complaints in federal court." *Thomas v. Ramapo Coll. of New Jersey*, No. CIV.A. 10-3898, 2011 WL 3206448, at *2 (D.N.J. July 27, 2011).  The Rule "makes clear that a dismissal under Rule 41(a)(1)(A)(ii) does not require a court order, nor does it require the approval of the court." *State Nat'l Ins. Co. v. Cty. Of Camden*, 824 F.3d 399, 406 (3d Cir. 2016). *See also Blair v. Comprehensive Healthcare Mgt. Services, LLC*, 2:18-CV-1667, 2021 WL 3855931, at *3 (W.D. Pa. Aug. 27, 2021).  Because a dismissal under Rule 41(a)(1)(A)(ii) does not require a court order or approval, [the Court of Appeals for the Third Circuit has] held that '[t]he entry of such a stipulation of dismissal is effective automatically.' " *State Nat'l Ins. Co*, 824 F.3d at 406 (quoting *First Nat. Bank of Toms River, N. J. v. Marine City, Inc.*, 411 F.2d 674, 677 (3d Cir. 1969)).  A stipulation to dismiss under Rule 41(a)(1)(A) is "immediately self-executing.  No separate entry or order is required to effectuate the dismissal." *State Nat'l Ins. Co*, 824 F.3d at 406–07 (footnotes omitted).[1]  Once a plaintiff files a voluntary stipulation, "the action on the merits is at an end[,]" and "[a]ny action by the district court after the filing of [the Stipulation of Dismissal] can have no force or effect because the matter has already

---

[1] While the court of appeals was addressing Fed. R. Civ. P. 41(a)(1)(A)(ii), there is no substantive difference between that provision and Fed. R. Civ. P. 41(a)(1)(A)(i) related to not needing a separate order or entry to effectuate the dismissal.

been dismissed.  A voluntary dismissal deprives the District Court of jurisdiction over the action." *Id.* (citations and footnotes omitted) (alterations in original).  Therefore, it was error to grant Plaintiff's Motion to Reopen and thereafter set case management deadlines, and all such orders are vacated.

While a voluntary dismissal with prejudice is considered a final judgment, "a voluntary dismissal without prejudice is not a final judgment. It 'effectively erases the dismissed action and permits the initiation of a second action, but it is neither final nor appealable.' " *Bulut v. JP Morgan Chase Bank, N.A.*, No. CV 18-9303, 2022 WL 1213480, at *2 (D.N.J. Apr. 25, 2022) (quoting 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2367 (4th ed. 2008)).  Under Rule 41(a)(1), a voluntary dismissal is without prejudice unless the notice or stipulation states otherwise. Fed. R. Civ. P. 41(a)(1)(B).  Here, the notice filed by Plaintiff was silent as to whether the voluntary dismissal was made with or without prejudice, so it will be assumed the dismissal was made without prejudice.  A voluntary dismissal without prejudice "is not a final decision because the plaintiff may refile the complaint." *S.B. v. KinderCare Learning Centers, LLC*, 815 F.3d 150, 152 (3d Cir. 2016).  Because Plaintiff voluntarily dismissed this action pursuant to Rule 41(a), "the proper procedure is to require [Plaintiff] to file a new civil action rather than reopen an action that was deemed voluntarily dismissed." *Baxter v. Atl. Care Main Pomona Hosp.*, No. CIV. 13-7876 RBK JS, 2015 WL 715012, at *1 (D.N.J. Feb. 19, 2015).  When Plaintiff filed his voluntary dismissal, his case was removed from the docket, and he may not restore the case to the active docket by simply moving to reopen. *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 132 (3d Cir. 2004) (Alito, dissenting); *Braun v. Gonzales*, No. CIV. 11-186-RGA, 2013 WL 1405946, at *1 (D. Del. Apr. 8, 2013).  Instead, his recourse is to "refile the complaint, assuming [his] claims are not time-barred." *Penn W. Assocs., Inc.*, 371 F.3d at 132 (Alito,

dissenting).

Alternatively, even if Plaintiff's voluntary dismissal without prejudice eventually ripened into a dismissal with prejudice because his claims were time-barred, Plaintiff does not qualify for relief under Federal Rule of Civil Procedure 60(b).[2] *Penn W. Assocs., Inc.*, 371 F.3d at 132 (Alito, dissenting). Fed. R. Civ. P. 60(b) authorizes a court to relieve a party from a final judgment, order or proceeding where there is:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). Subsections (1), (2), (3), (4), and (5) do not apply under these circumstances, as Plaintiff voluntarily dismissed his action. Therefore, the Court will only consider subsection (6). "[T]he Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances."

---

[2] According to Plaintiff, the events giving rise to Plaintiff's claims occurred on November 29, 2021 and December 5, 2021. Compl. ECF No. 6 at pp. 4-5. Plaintiff claims that he filed a grievance in relation to his claims asserted here and indicated that he tried to appeal the decision denying his grievances but that "C/Os are telling me that they have no more grievance appeals at all." *Id*. at p. 7. No finding is made as to whether Plaintiff's claims are time-barred, and the undersigned is mindful that under the Prison Litigation Reform Act ("PLRA"), the statute of limitations for section 1983 claims are tolled pending exhaustion of administrative remedies. *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 602–03 (3d Cir. 2015) (two-year statute of limitations applies to section 1983 claims in Pennsylvania). Given Plaintiff's assertion that the underlying events occurred in November and December 2021, in addition to the tolling period required during the grievance process, it is likely the statute of limitations on his claims have not expired; however, without the benefit of a completed record, the undersigned will conduct an analysis under Rule 60(b) should Plaintiff's claims be time-barred.

*Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (quoting *In re Fine Paper Antitrust Litig.*, 840 F.2d 188, 194 (3d Cir. 1988)).  A party seeking relief under Rule 60(b)(6) must show that without relief "an extreme and unexpected hardship will result." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008).  Importantly here, "in cases where parties make a 'deliberate, strategic choice' that is 'not the result of mistake or excusable neglect' to voluntarily dismiss a matter under Rule 41, 'it should not be undone via Rule 60(b).' " *Bulut*, 2022 WL 1213480, at *2–3 (quoting *Thomas*, 2011 WL 3206448, at *3).  Plaintiff offered no argument supporting his request to reopen his case, nor does he argue that his voluntary dismissal was the result of mistake or excusable neglect.  He made the unilateral decision to voluntarily dismiss his action and cannot "now reopen this matter as a back-up plan[.]" *Bulut*, 2022 WL 1213480, at *2–3.

Accordingly, the following Order is entered:

AND NOW, this 22nd day of June, 2022,

IT IS HEREBY ORDERED that this Court's Order ECF No. 22 granting Plaintiff's Motion to Reopen is hereby VACATED and this case remains voluntarily DISMISSED.  All deadlines and hearings are VACATED.  The Clerk's Office shall mark this case CLOSED.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge